defendant testified at one time that he was 24 years of age and at another that he was 25, where he subsequently repudiated these statements by saying that he did not know his age and admitted previously giving a written statement showing that he was more than 25.

10. CRIMINAL LAW, § 297*—*when not error to fail to instruct as to involuntary confession.* On a criminal prosecution in which a confession is introduced in evidence, it is not error to fail to instruct as to the effect of an involuntary confession where there is nothing in the evidence tending to show that the confession was not voluntary, but defendant merely denies that it was made at all.

_____

## Isidor Binder, Appellee, v. Herman Altman, Appellant.

### Gen. No. 23,227.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Affirmed on remittitur; otherwise reversed and remanded. Opinion filed April 16, 1918. Rehearing denied April 29, 1918.

### Statement of the Case.

Action by Isidor Binder, plaintiff, against Herman Altman, defendant, to recover damages for a breach of a contract of employment, for conversion and to enforce an accord. The jury assessed plaintiff's damages at $5,535.25, and the court required plaintiff to enter a remittitur for the amount thereof in excess of $3,500. From a judgment for plaintiff for the latter amount, defendant appeals.

MOSES, ROSENTHAL & KENNEDY, for appellant; HAMILTON MOSES and HENRY JACKSON DARBY, of counsel.

JOHN L. DAVIDSON, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE McDONALD delivered the opinion of the court.

### Abstract of the Decision.

ACCORD AND SATISFACTION, § 1*—*when action will not lie to enforce unexecuted accord.* An action will not lie to enforce an unexecuted accord unless it contains an express provision that the promise itself shall be a satisfaction of the disputed claim.

---

### William Horn, Appellee, v. Gustav Berg et al. Gustav Berg, Appellant.

### Gen. No. 23,249.

1. AUTOMOBILES AND GARAGES, § 3*—*when evidence supports verdict for plaintiff in action for injuries due to automobile.* In an action to recover for personal injuries received by plaintiff by being struck by defendant's automobile as he was alighting from a street car, evidence *held* sufficient to support a verdict for plaintiff.

2. AUTOMOBILES AND GARAGES, § 3*—*when instruction on liability of operator passing street car stationary for purpose of discharging passengers is erroneous.* In an action to recover for personal injuries received through plaintiff being struck by defendant's automobile as he was alighting from a street car, where it appeared that the point at which the street car stopped was not a usual stopping place, but one at which it was prohibited by city ordinance from stopping, and that when the car stopped, defendant's automobile, which had been running beside the car, was then passing it, it is error to instruct that if the jury believe that defendant violated, in the manner charged, the ordinance prohibiting persons operating vehicles to permit the vehicle to pass or approach within 10 feet of a street car which has stopped to take on or discharge passengers as long as the car is stopped for that purpose, and that he was negligent in so doing, and that such violation was the proximate cause of the accident and plaintiff

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.